**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                   **CRIMINAL ACTION NO. 3:13-CR-11-01
CRIMINAL ACTION NO. 3:13-CR-23-02
(JUDGE GROH)**

**ARTHUR LEE WALKER,**

    Defendant.

## ORDER DENYING DEFENDANT'S *PRO SE* MOTION TO TRANSFER AND MODIFY SENTENCE

On March 5, 2014, Defendant Arthur Lee Walker filed a letter to his former counsel, Mr. Compton, requesting that he file a motion to transfer him to a federal facility rather than a state facility and to modify his sentence so that his federal sentence runs concurrent with his state sentence. Upon reviewing Defendant Walker's letter, the Court construes it as a *pro se* motion for two reasons. First, Defendant Walker no longer has court-appointed counsel as Mr. Compton's representation terminated upon his sentencing. Second, Defendant Walker chose to file this letter with the Court rather than simply mailing it to his former counsel. For these reasons, the Court construes Defendant Walker's letter as a motion.

First, Defendant Walker requests that this Court transfer him to a federal facility. Defendant states that he is currently housed in a Pennsylvania state facility pursuant to case number 1686-2012 in the Frankly County Court in Chambersburg, Pennsylvania. The Court notes that on August 8, 2013, Defendant appeared in the Northern District of West

Virginia via a writ of habeas corpus ad prosequendum for an initial appearance at which time the federal arrest warrants were served, and he was remanded to the custody of the United States Marshals Service. However, the State of Pennsylvania had a detainer lodged against Defendant. Therefore, this Court cannot order his transfer to a federal facility at this time because the State of Pennsylvania properly has Defendant Walker in its custody. Accordingly, Defendant's motion for transfer is **DENIED**.

Second, Defendant requests that this Court modify his federal sentence to run concurrent with his state sentence. At Defendant's sentencing hearing, the Court specifically ordered that Defendant's 120 month sentence run consecutively with Defendant's sentence imposed in Franklin County Court in Chambersburg, Pennsylvania, in Docket Number 1686-2012. Pursuant to 18 U.S.C. § 3582(c), the Court "may not modify a term of imprisonment once it has been imposed" unless one of the enumerated exceptions apply. In reviewing the statute, the only possible applicable exception is 18 U.S.C. § 3582(c)(1)(A)(I), which provides that the Court "upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction." In this case, the Director of the Bureau of Prisons has not moved for a reduction in Defendant's sentence, and the Court does not find any extraordinary or compelling reasons to modify its sentence. Additionally, Federal Rule of Criminal Procedure 35(a) does not apply because the Court did not commit a clear error in ordering Defendant's sentence to run consecutively with the sentence imposed in the Franklin County Court in Chambersburg, Pennsylvania and the fourteen-day time period for correcting the sentence has expired. Accordingly, Defendant's

motion to modify his sentence is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** March 11, 2014

                                                                                            GINA M. GROH
                                                                                            UNITED STATES DISTRICT JUDGE